# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| THOMAS H. GODES and SHEILA R. GODES, individually,<br><br>PLAINTIFFS,<br><br>v.<br><br>SKIPPERLINER INDUSTRIES, INC., A WISCONSIN CORPORATION, a/k/a and d/b/a SKIPPERLINER,<br><br>DEFENDANT. | CIVIL NO. 07-4277 (ADM/AJB)<br><br><br><br>**REPORT & RECOMMENDATION** |

Clay Naughton Michael T. Moore, and Scott Wagner (pro hac vice), Moore & Company, 355 Alhambra Circle, Suite 1100, Coral Gables, FL 33134;

George E. Warner, Jr. and Saul A. Bernick**,** Bernick, Lifson, Greenstein, Greene & Liszt, PA, 5500 Wayzata Blvd, Ste 1200, Minneapolis MN 55416 (for Plaintiff).

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on the Court's August 18, 2010 Order to Show Cause [Docket No. 55]. A hearing was held on the Order on September 2, 2010. There was no appearance by or on behalf of either party.

For the reasons set forth herein, this Court **RECOMMENDS** that an Order be issued holding Skipperliner Industries, Inc. in contempt, entering judgment in favor of Plaintiffs, and awarding damages in favor of Plaintiffs in the amount of $650,000.00.

I. **BACKGROUND**

The parties appeared for a Settlement Conference on October 8, 2009. [Docket No. 34.] A settlement agreement was reached and was memorialized on the record. Following the conference, the parties reduced the settlement to writing, which the parties signed.

1

The parties' dispute concerned a vessel manufactured by Defendant Skipperliner Industries, Inc. (Skipperliner) for Plaintiffs Thomas and Sheila Godes. The settlement agreement stipulated that Skipperliner would market and sell the vessel as well as bring the vessel up to "sale condition." The agreement dictated that if Skipperliner sold the vessel on or before September 1, 2010, then Plaintiffs would receive a certain amount of the proceeds. If Skipperliner did not sell the vessel on or before September 1, 2010, Skipperliner had until September 1, 2011, to sell the vessel, but Skipperliner had to make an advance payment to Plaintiffs of $60,000. If Skipperliner sold the vessel after September 1, 2010, and before September 1, 2011, then Plaintiff would receive a certain amount of the proceeds. Both sales periods anticipated a sale price of at least $600,000. The settlement agreement also included the following language:

> Skipperliner shall execute a Confession of Judgment in the amount of Six Hundred and Fifty Thousand Dollars ($650,000.00 USD) to be held in escrow by the Godeses['] counsel, the form of which has been agreed upon by the Parties and is attached to this Settlement Agreement and Mutual Release as **Exhibit "A"**. The Confession of Judgment is to be deemed additional consideration received from Defendant as part of this settlement to secure its performance under this Agreement. In the event that Skipperliner fails to tender at least $600,000.00 to the Godeses on or before September 1, 2011, then the Godeses may file and execute on the Confession of Judgment and seek costs and expenses, including reasonable attorneys' fees, incurred to enforce this Agreement.

No Confession of Judgment was executed when the Settlement Agreement was signed.

On or about May 3, 2010, Defendant's counsel learned that Skipperliner had "closed its doors" and "filed for Chapter 128 through the state [of Wisconsin], a voluntary debt assignment plan, appointing a Wassau, Wis., receiver for the company."[1] On May 3, 2010, Defendant's

---

[1] On May 13, 2010, the Honorable Dale Pasell, Circuit Court Judge for the LaCrosse County Circuit Court, for the State of Wisconsin, signed an Order Appointing Receiver for Defendant. (Order Appointing Receiver, Case No. 10cv435 (May 13, 2010).)

counsels filed a notice of withdrawal as attorney. [Docket No. 35.] On June 24, 2010, Defendant's counsels filed a Motion to Withdraw [Docket No. 42], which this Court granted. [Docket No. 54.]

On June 15, 2010, Plaintiff filed its Motion to Enforce Settlement Agreement, Enter Consent Judgment, and for Attorneys' Fees. [Docket No. 36.] On August 2, 2010, this Court granted Plaintiff's Motion [Docket No. 54] to the extent that this Court found, in part, as follows: A settlement agreement was reached by the parties in this action and memorialized in writing in the Settlement Agreement and Mutual Release. Defendant Skipperliner Industries, Inc. unconditionally repudiated the Settlement Agreement and Mutual Release by voluntarily petitioning for and entering receivership in Wisconsin. The appointed Receiver has manifested no intent to adopt the obligations of Defendant Skipperliner Industries, Inc. arising out of the Settlement Agreement and Mutual Release. Defendant Skipperliner Industries, Inc. is no longer able to meet its financial obligations. Based upon these findings this Court Ordered, in part, as follows:

1. On or before August 6, 2010, Skipperliner shall execute a Confession of Judgment as provided in section four, page four of the Settlement Agreement and Mutual Release. In the event that Skipperliner fails to execute a Confession of Judgment, Plaintiffs may bring a motion for an order to show cause as to why Skipperliner should not be held in contempt for failure to follow this Court's order and why this Court should not issue a Report and Recommendation, recommending an order striking Skipperliner's answer and entering judgment in the amount of $650,000.00 in favor of Plaintiffs.

2. In the event that Skipperliner executes the Confession of Judgment as provided in section four, page four of the Settlement Agreement and Mutual Release, Plaintiffs may file and execute on the Confession of Judgment.

3. Plaintiff's Motion is denied to the extent that Plaintiff seeks entry of judgment.

[Docket No. 54.]

On August 16, 2010, Plaintiffs filed a Motion for Order to Show Cause because Defendant failed to execute the Confession of Judgment as required by this Court's August 2, 2010 Order. [Docket No. 55.] This Court granted Plaintiff's Motion, and issued an Order to Show Cause directing Defendant to appear before this Court on September 2, 2010, at 2:00 p.m. in Courtroom 3C, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota and show cause why a) Defendant should not be held in contempt for failure to obey this Court's order; and b) why this Court should not issue a Report and Recommendation recommending striking Defendant's answer and entry of a $650,000.00 judgment in favor of Plaintiffs.

James W. McNeilly, Jr. was the appointed Receiver by the May 13, 2010 Order Appointing Receiver. *See supra* note 1. On August 16, 2010, Mr. McNeilly sent this Court a letter stating that he was in receipt of the Order to Show Cause. Mr. McNeilly informed the Court that he was discharged as Receiver on August 6, 2010, and would not be responding to the Order to Show Cause. Mr. McNeilly stated that he would send a copy of his letter along with a copy of the Order to Show Cause to "attorneys representing Skipperliner and its major creditors."

On September 2, 2010, this Court was prepared to hold a hearing at 2:00 p.m. There was no appearance by or on behalf of either party. At 2:40 p.m. this Court made a record of the fact there were no appearances as required by this Court's Order to Show Cause.

II.    ANALYSIS

"Civil . . . contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S. Ct. 497, 499 (1949). "Before a party can be

held in contempt for violating a court order, he must have actual knowledge of the order and the order must be sufficiently specific to be enforceable." *Hazen v. Reagen*, 16 F.3d 921, 924 (8th Cir. 1994) (quotation omitted).

This Court finds that Defendant Skipperliner is in contempt of court. Defendant Skipperliner Industries, Inc. had knowledge and notice of this Court's docketed August 2, 2010 Order. Defendant Skipperliner Industries, Inc. failed to comply with the requirements of the docketed August 2, 2010 Order. Defendant Skipperliner Industries, Inc. had knowledge and notice of this Court's docketed August 18, 2010 Order to Show Cause. Defendant Skipperliner Industries, Inc. failed to comply with this Court's docketed August 18, 2010 Order to Show Cause.

This Court has considered the facts and the inherent sanctions at this Court's disposal, see *Capellupo v. FMC Corp.*, 126 F.R.D. 545, 552-53 (D. Minn. 1989), as well as the sanctions listed in Fed. R. Civ. P. 37, which hold persuasive value. This Court recommends that Defendant Skipperliner be sanctioned. This Court recommends that an order be issued entering judgment in favor of Plaintiffs and awarding Plaintiffs damages in the amount of $650,000.00. This an appropriate sanction for the following reasons: First, Defendant Skipperliner's failure to abide by the direction of this Court's August 2 and 18, 2010 Orders constitute serious acts of disobedience. Second, it is doubtful that Defendant Skipperliner could fulfill or comply with any other sanctions that could be issued. Defendant Skipperliner's actions since the settlement agreement were reached in the matter evinces that Defendant Skipperliner cannot abide by the terms of the Settlement Agreement and Mutual Release or any orders of this Court. Furthermore, Defendant is insolvent. Third, this sanction is consistent with the parties' intent in reaching their settlement agreement. Entry of judgment and awarding damages in the amount of $650,000.00

was anticipated by Settlement Agreement and Mutual Release if Defendant Skipperliner failed to abide by its other terms. Finally, Defendant Skipperliner was warned in this Court's August 2 and 18, 2010 Orders that failure to comply with this Court's orders may result in entry of judgment and awarding Plaintiffs damages in the amount of $650,000.00.

### III. FINDINGS OF FACT

This Court hereby makes the following findings of fact:

1. Defendant Skipperliner Industries, Inc. had knowledge and notice of this Court's docketed August 2, 2010 Order.
2. Defendant Skipperliner Industries, Inc. failed to comply with the requirements of the docketed August 2, 2010 Order.
3. Defendant Skipperliner Industries, Inc. had knowledge and notice of this Court's docketed August 18, 2010 Order to Show Cause.
4. Defendant Skipperliner Industries, Inc. failed to comply with this Court's docketed August 18, 2010 Order to Show Cause.

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that an Order be issued holding Skipperliner Industries, Inc. in contempt, entering judgment in favor of Plaintiffs, and awarding damages in favor of Plaintiffs in the amount of $650,000.00.

Dated:     9/10/10

                                                s/ Arthur J. Boylan
                                        Chief Magistrate Judge Arthur J. Boylan
                                        United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before <u>September 25, 2010</u>.